| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | Clarence — First Name | W — Middle Name | Meeks — Last Name |
| Debtor 2 (Spouse, if filing) | Debra — First Name | D — Middle Name | Meeks — Last Name |

United States Bankruptcy Court for the: __Eastern__ District of __Wisconsin__
(State)

Case number
(If known) _____

# Official Form Plan for the Eastern District of Wisconsin
# Chapter 13 Plan

10/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not mean that the option is necessarily appropriate for you. Plans that do not comply with local rules and judicial rulings may not be confirmable. Nothing in this plan controls over a contrary court order.

**THIS FORM PLAN MAY NOT BE ALTERED OTHER THAN THE NONSTANDARD PROVISIONS IN PART 8 BELOW.**
*Nonstandard provisions set out elsewhere in this plan are ineffective.*

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation. The objection must be filed within 28 days of the completion of the Section 341 Meeting of Creditors. Failure to file a timely objection constitutes acceptance of the plan and its terms. The court will schedule a hearing on any timely filed objections. The court may confirm this plan without further notice if no objection to confirmation is filed. In addition, a timely proof of claim **must** be filed in order to receive payments from the trustee under this plan.

**Note to Secured Creditors**: If your secured claim is not provided for in Part 3 below, no funds will be disbursed to you by the trustee on your secured claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective even if otherwise provided for in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not included |

Debtor **Clarence W and Debra D Meeks**      Case number _____

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

$ **650** per **month** for **36** months

[and $ _____ per _____ for _____ months.] *Insert additional lines if needed.*

The plan may not provide for payments over a period that is longer than 60 months.

For OVER median income debtors, the plan term must be 60 months or a shorter period that is sufficient to pay allowed nonpriority unsecured claims in full.

For UNDER median income debtors, the debtor(s) must make sufficient periodic or other payments to enable the trustee to make the payments to creditors stated in this plan, regardless of the number of months indicated in this part of the plan. Thirty-six or more months after confirmation, the plan's term will end when all holders of allowed nonpriority unsecured claims have received the payment amount or percentage stated in Part 5. Prior to 36 months after confirmation, the plan term will end when all holders of allowed claims have received the payment required by the plan and holders of nonpriority unsecured claims have been paid in full. The plan term will not end earlier than stated in this Part 2 if there is a creditor listed in § 4.5 of this plan that will receive less than full payment of its claim under 11 U.S.C. §§ 1322(a)(4) and 507(a)(1)(B).

**2.2** Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☑ Debtor(s) will make payments pursuant to a payroll deduction order.
☐ Debtor(s) will make payments directly to the trustee.

Please note: Debtors are responsible for any payments set forth in the plan or confirmation order that are not withheld under a payroll deduction order.

**2.3 Income tax returns.**

The debtor(s) will supply the trustee with a copy of each federal and state income tax return filed during the plan term within 14 days of filing any return. The tax refunds received by the debtor(s) must be accounted for on Schedules I and J and, if applicable, Form 22-C-2.

**2.4 Additional payments.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____
_____

**2.5** The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $ **23,400** .

## Part 3: Treatment of Secured Claims

Debtor Clarence W and Debra D Meeks    Case number _____

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*

- ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

- ☒ The debtor(s) will maintain payments during the case on the secured claims listed below by paying the claimant directly. For allowed secured claims provided for in the plan, the trustee will disburse payments on any arrearage sufficient to pay the arrearage in full, with interest, if any, at the stated rate. If the *Interest rate on arrearage* column is left blank, no interest will be paid. The trustee will disburse payment on any arrearage listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) or 3004, and amounts so listed control over any contrary amounts stated below as to the current installment payment and arrearage. The trustee will disburse amounts listed in the *Monthly plan payment on arrearage* column each month. If no amount is listed in the *Monthly plan payment on arrearage* column, the trustee will disburse payments to the creditors listed in this Part pro rata with other secured creditors that do not receive equal monthly payments. If a secured creditor obtains relief from the automatic stay as to collateral listed in this section, the trustee will cease payments to that creditor, and the plan will be deemed not to provide for secured claims based on that collateral.

The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Current installment payment – Disbursed by Debtor (including escrow.) | Amount of arrearage – Disbursed by Trustee (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Caliber Home Loans | Homestead | $1137 | $17000 | 0 % | $_____ | $17,000 |
|  |  | $_____ | $_____ | ____ % | $_____ | $_____ |

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

- ☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

- ☐ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim, the debtor(s) state that the value of the secured claim should be as set out in the *Amount of secured claim* column. If the total amount of the proof of claim is less than the amount listed in the *Amount of secured claim* column, the lower amount listed on the proof of claim will be paid in full with interest as provided below. For secured claims of governmental units, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

If no entry is made in the *Interest rate* column, the proof of claim controls the rate of interest. If no interest rate is listed in the plan or proof of claim, then no interest will be disbursed by the trustee. The trustee will disburse amounts listed under the Monthly payment to creditor column in equal monthly payments. If no amount is listed in the Monthly plan payment column, the trustee will disburse payments pro rata with other secured creditors. If the court orders relief from the automatic stay as to any item of collateral listed in this paragraph, the trustee will cease disbursement of all payments under this paragraph as to that collateral, and the plan will be deemed not to provide for all secured claims based on that collateral.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. The amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the *Amount of secured claim* column will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Case 18-21025-kmp    Doc 4    Filed 02/08/18    Page 3 of 13

Debtor __Clarence W and Debra D Meeks__    Case number _____

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ___% | $_____ | $_____ |
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ___% | $_____ | $_____ |

*Insert additional claims as needed.*

### 3.3 Secured claims excluded from 11 U.S.C. § 506.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below were either:

   (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

   (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee. The claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) or 3004 controls over any contrary amount listed below.

If no entry is made in the *Interest rate* column, the proof of claim controls the rate of interest. If no interest rate is listed in the plan or proof of claim, no interest will be disbursed by the trustee. The trustee will disburse amounts listed under the Monthly plan payment column in equal monthly payments. If no amount is listed in *Monthly plan payment* column, the trustee will disburse payments pro rata with other creditors of the same class. If the court orders relief from the automatic stay as to any item of collateral listed in this paragraph, the trustee will cease disbursement of all payments under this paragraph as to that collateral, and the plan will be deemed not to provide for all secured claims based on that collateral.

The holder of any claim listed below as having value in the *Amount of claim* column will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| _____ | _____ | $_____ | ___% | $_____ | $_____ |
| _____ | _____ | $_____ | ___% | $_____ | $_____ |

*Insert additional claims as needed.*

### 3.4 Lien avoidance.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). A judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of creditor** _____ | a. Amount of lien | $ _____ | **Amount of secured claim after avoidance** (line a minus line f) $ _____ |
| | b. Amount of all other liens | $ _____ | |
| **Collateral** _____ | c. Value of claimed exemptions | + $ _____ | **Interest rate** (if applicable) _____ % |
| | d. Total of adding lines a, b, and c | $ _____ | |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) _____ _____ | e. Value of debtor(s)' interest in property | − $ _____ | **Monthly payment on secured claim** $ _____ |
| | f. Subtract line e from line d. | $ _____ | **Estimated total payments on secured claim** $ _____ |
| | Extent of exemption impairment *(Check applicable box)*: ☐ **Line f is equal to or greater than line a.** The entire lien is avoided. *(Do not complete the next column.)* ☐ **Line f is less than line a.** A portion of the lien is avoided. *(Complete the next column.)* | | |

*Insert additional claims as needed.*

### 3.5 Surrender of collateral.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. Entry of an order confirming this plan immediately (1) terminates the stay under 11 U.S.C. § 362(a) as to the collateral only, and (2) terminates the stay under 11 U.S.C. § 1301; additionally, (3) the collateral is deemed abandoned under 11 U.S.C. § 554(b). Any allowed unsecured claim resulting from the disposition of the collateral is provided for in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| _____ | _____ |
| _____ | _____ |

Debtor **Clarence W and Debra D Meeks** Case number _____

*Insert additional claims as needed.*

### 3.6 Pre-confirmation adequate protection payments.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

☐ Secured creditors who are entitled to pre-confirmation adequate protection payments on personal property under 11 U.S.C. § 1326(a) must file a claim to receive such payments. Upon confirmation, the treatment of secured claims will be governed by the applicable paragraph above. The principal amount of the claim will be reduced by the amount of adequate protection payments disbursed by the trustee. The trustee will make the following monthly disbursements to creditors:

| Name of creditor | Collateral | Monthly adequate protection payment amount |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

*Insert additional claims as needed.*

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General

Trustee's fees and all allowed priority claims will be paid in full without post-petition interest unless otherwise provided in the plan.

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be __6__% of plan payments; and during the plan term, they are estimated to total $ __1,404__ .

### 4.3 Attorney's fees

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $ __3,710__ .

### 4.4 Priority claims other than attorney's fees and domestic support obligations as treated in § 4.5. The priority debt amounts listed on a filed proof of claim control over any contrary information or amounts listed in this section. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☐ The debtor(s) estimate the total amount of other priority claims to be $ _____ as detailed below.

| Name of creditor | Estimated amount of priority unsecured claim |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |

*Insert additional claims as needed.*

### 4.5 Domestic support obligations. The priority debt amounts listed on a filed proof of claim control over any contrary amounts listed in this section.

*Check one or more.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has **NOT** been assigned to or is owed to a governmental unit as provided by 11 U.S.C. § 507(a)(1)(A) and will be paid the full amount of the claim under 11 U.S.C. § 1322(a)(2).

Case 18-21025-kmp    Doc 4    Filed 02/08/18    Page 6 of 13

Debtor: Clarence W and Debra D Meeks                    Case number _____

**Name of creditor**                                    **Estimated amount of priority unsecured claim**

_____                 $ _____

_____                 $ _____

*Insert additional claims as needed.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit as provided by 11 U.S.C. § 507(a)(1)(A) and will be **paid the full** amount of the claim under 11 U.S.C. § 1322(a)(2).

**Name of creditor**                                    **Estimated amount of priority unsecured claim**

_____                 $ _____

_____                 $ _____

*Insert additional claims as needed.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid **less** than the full amount of the claim under 11 U.S.C. § 1322(a)(4) and § 507(a)(1)(B). If the *Available funds to creditors in Parts 3 and 4* box is selected, then there should be no distribution to nonpriority unsecured creditors in Part 5 until or unless the § 507(a)(1)(B) claim is paid in full. *This plan provision requires that payments in § 2.1 be for a term of 60 months; see* 11 U.S.C. § 1322(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
| _____ | ☐ Available funds after creditors in Parts 3 and 4 are paid<br>☐ $ _____<br>☐ Percent of claim ____% |
| _____ | ☐ Available funds after creditors in Parts 3 and 4 are paid<br>☐ $ _____<br>☐ Percent of claim ____% |

*Insert additional claims as needed.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $ 0 _____.

☑ 100 % of the total amount of these claims, an estimated payment of $ 0 _____.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ 0 _____. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

ED Wis. Form Plan                    Chapter 13 Plan                    Page 7

Case 18-21025-kmp    Doc 4    Filed 02/08/18    Page 7 of 13

Debtor **Clarence W and Debra D Meeks**      Case number _____

### 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor(s) will maintain the contractual installment payments directly to the creditor and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment through the trustee. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee.

| Name or description of creditor | Amount of arrearage to be paid |
|---|---|
| _____ | $_____ |
| _____ | $_____ |

*Insert additional claims as needed.*

### 5.3 Other separately classified nonpriority unsecured claims. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified. The amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph under the *Amount to be paid on the claim* column. If the *Interest rate* column is left blank, the proof of claim controls the rate of interest. If no interest rate is listed in the plan or on a proof of claim, the trustee will not disburse any interest. The creditors in this section will be treated as follows:

| Name of creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| _____ | _____ | $_____ Disbursed by: ☐ Trustee ☐ Debtor(s) or other | _____% | $_____ |
| _____ | _____ | $_____ Disbursed by: ☐ Trustee ☐ Debtor(s) or other | _____% | $_____ |

*Insert additional claims as needed.*

ED Wis. Form Plan      **Chapter 13 Plan**      Page 8

Debtor **Clarence W and Debra D Meeks**      Case number _____

## Part 6: Executory Contracts, Unexpired Leases, and Post-Petition Claims Filed Under § 1305

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** The debtor(s) will disburse current installment payments directly, as specified below. The trustee will disburse arrearage payments. The amount necessary to cure the default listed on the proof of claim controls over any contrary amounts listed in this paragraph under the *Amount of arrearage to be paid by trustee* column.

| Name of creditor | Description of leased property or executory contract | Amount of arrearage to be paid by trustee |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

*Insert additional contracts or leases as needed.*

**6.2 Post-petition claims filed under 11 U.S.C. § 1305.** *Check one.*

☑ If any post-petition claims are filed under 11 U.S.C. § 1305 during the term of this plan, the trustee will disburse no funds on that claim.

☐ If any post-petition claims are filed under 11 U.S.C. § 1305 during the term of this plan, the trustee will disburse funds on the claim. Debtor(s) will modify the plan if necessary to maintain plan feasibility.

## Part 7: Vesting of Property of the Estate and Order of Distribution of Available Funds by the Trustee

**7.1 Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

☑ plan confirmation.

☐ entry of discharge (unless a debtor is not eligible for a discharge, in which case property of the estate will vest in the debtor(s) upon the filing of the Notice of Plan Completion on the docket by the trustee).

☐ other: _____.

**7.2 Order of distribution of available funds by the trustee after plan confirmation.**

Regular order of disbursement after trustee fees:

    Any equal monthly payments to secured creditors listed in Part 3, then

    all attorney's fees listed in § 4.3, then

    all secured debt (paid pro rata) without equal monthly payments in Part 3 and lease arrearages in § 6.1, then

    all priority debt (paid pro rata) under § 1322(a)(2) in §§ 4.4 and 4.5, then

Case 18-21025-kmp     Doc 4     Filed 02/08/18     Page 9 of 13

Debtor  Clarence W and Debra D Meeks    Case number _____

    all priority debt (paid pro rata) under § 1322(a)(4) in § 4.5, then

    all non-priority unsecured debt (paid pro rata) in Part 5, then

    any § 1305 claims in § 6.2.

**Should the case be dismissed or converted to another chapter, the trustee will refund all funds on hand to the debtor(s).**

Debtor  Clarence W and Debra D Meeks					Case number _____

## Part 8: Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

_____
_____
_____
_____
_____
_____

| Debtor 1 | Clarence | William | Meeks | Case Number (if known) _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 9: Signature(s):

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if must sign below.*

X _____  X _____
**Clarence William Meeks**           **Debra Delores Meeks**

Date: Dated: __2/15__/2018           Date: Dated: __2/15__/2018

X _____           Dated: __2/8/18__
Signature of Attorney for Debtor    Date    MM / DD / YYYY /2018

By filing this document, each debtor, if not represented by an attorney, or the attorney for each debtor also certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Official Form Plan for the Eastern District of Wisconsin, other than any nonstandard provisions included in Part 8.

ED Wis. Form Plan    Record # 758914           Chapter 13 Plan

# Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---|
| a. | **Maintenance and cure payments on secured claims** (*Part 3, Section 3.1 total*) | $ 17,000 |
| b. | **Modified secured claims** (*Part 3, Section 3.2 total*) | $ 0 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (*Part 3, Section 3.3 total*) | $ 0 |
| d. | **Judicial liens or security interests partially avoided** (*Part 3, Section 3.4 total*) | $ 0 |
| e. | **Fees and priority claims** (*Part 4, total*) | $ 5,114 |
| f. | **Nonpriority unsecured claims** (*Part 5, Section 5.1, highest stated amount*) | $ 1,286 |
| g. | **Maintenance and cure payments on unsecured claims** (*Part 5, Section 5.2 total*) | $ 0 |
| h. | **Separately classified unsecured claims** (*Part 5, Section 5.3 total*) | $ 0 |
| i. | **Trustee payments on executory contracts and unexpired leases** (*Part 6, total*) | $ 0 |
| j. | **Nonstandard payments** (*Part 8, total*) | + $ |
| | **Total of lines a through j** | $ 23,400 |